IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WESTERN WATERSHEDS PROJECT, | |
|---|---|
| Plaintiff, | Case No. 1:19-CV-037-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| INTERIOR BOARD OF LAND APPEALS, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to dismiss or, in the alternative, to transfer venue. The motion is fully briefed and at issue. For the reasons explained below, the Court will not dismiss the case, but will transfer venue to the U.S. District Court for the District of Utah.

## LITIGATION BACKGROUND

Plaintiff Western Watersheds Project (WWP) brought this lawsuit to reverse a decision of the Interior Board of Land Appeals (IBLA) and to reverse the Bureau of Land Management's (BLM's) decision renewing grazing permits on the Duck Creek allotment. That allotment covers about 22,000 acres in northern Utah, of which 13,900 acres are BLM lands, 8,617 acres are owned by Utah residents, and 1,078 acres are owned by the State of Utah.

When the BLM was considering renewing the grazing permits for this allotment, WWP presented the BLM with evidence that grazing was degrading fish and wildlife habitat among other damage in violation of NEPA and FLPMA in an effort to prevent the renewal. The BLM nevertheless renewed the grazing permits. WWP appealed to Interior's Office of Hearings and Appeals, and an Administrative Law Judge (ALJ) held a lengthy evidentiary hearing. Following that hearing, the ALJ rendered a decision agreeing with WWP that the BLM violated NEPA and FLPMA and reversing the BLM's decision to renew the permits but declining WWP's request for remedial relief.

WWP and the BLM appealed that decision to the IBLA. The IBLA ruled in favor of the BLM, reversing the ALJ's decision and reinstating the BLM's decision to renew the grazing permits. WWP responded by filing this action, alleging that the IBLA improperly imposed a burden of proof on WWP that was impossible to meet and ignored the credibility findings of the ALJ. WWP also alleges that the BLM decision renewing the permits violates NEPA and FLPMA because the BLM ignored the environmental damage being done by livestock grazing on the allotment.

The BLM has filed a motion to dismiss this case for lack of venue or, in the alternative, to transfer venue to the Federal District Court for the District of Utah. WWP responds that venue is proper here and objects to any transfer.

## ANALYSIS

The federal venue statute allows a plaintiff to bring suit against an officer, employee, or agency of the United States in "any judicial district in which . . . the plaintiff resides if no real property is involved in the action." *See* 28 U.S.C. § 1391(e)(3).

**Memorandum Decision & Order – page 2**

WWP "resides" in the District of Idaho, and the Court has ruled previously that cases similar to this do not involve real property as that term is used in the statute. *See WWP v. Salazar*, 2009 WL 1299626, at *2 (D. Idaho May 7, 2009) (Salazar I); *WWP v. Salazar*, 2010 WL 375003, at *2 (D. Idaho Jan. 25,2010) (Salazar II). The Court reaffirms its holdings in those cases and finds that venue is proper here.

The more difficult question is whether this case should be transferred to Utah under 28 U.S.C. § 1404(a) that grants discretion to the Court to transfer a case to another venue "[f]or the convenience of parties and witnesses, in the interest of justice." The Court may weigh multiple factors in assessing a discretionary venue transfer, including: (1) convenience of the parties and witnesses; (2) familiarity of each forum with the applicable law; (3) the plaintiff's choice of forum; (4) contacts of the different parties with the forum; (5) local interest in the controversy; (6) the ease of access to sources of proof and evidence; and (7) relative congestion in each forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Courts apply "a strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981). The defendant must "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The deference given to a plaintiff's choice of forum is lessened if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) (holding that a plaintiff's choice of forum commands less consideration where the operative facts have

**Memorandum Decision & Order – page 3**

not occurred within the forum and the forum has no particular interest in the parties or subject matter). Here, the allotment at issue involves land owned entirely by the BLM, the State of Utah, or Utah residents. WWP's choice of forum is entitled to less deference in this situation.

Here, it is undisputed that this case could have been brought in Utah originally so "[t]he Court must consider public factors relating to the interest of justice and private factors relating to the convenience of the parties and witnesses." *Decker Coal,* 805 F.2d at 843. The private factors – such as convenience, familiarity with the law, ease of access to proof, and congestion of the forums – do not weigh consistently in any direction. It is the public factor relating to the interest of justice – and the factor relating to the local interest in the controversy – that is entitled to the most weight under the unique circumstances of this case. While overturning the IBLA's decision on the burden of proof and credibility of witnesses could provide some precedent to be used in other cases, the real focus of this lawsuit is on a single allotment in Utah owned entirely by the BLM, the State of Utah, and Utah residents. This is not a case challenging an overarching policy or practice of the BLM that affected grazing practices across the boundaries of several States including Idaho. See *WWP v Schnieder*, 2017 WL 874568 (D. Idaho March 3, 2017) (refusing to transfer a challenge to numerous BLM land use plans across several States where plaintiffs alleged that BLM made errors common to all plans). Because this case is focused entirely on grazing in a single allotment in Utah, and because the case could have been brought there initially, the Court finds that the usual deference to the plaintiff's choice of forum is not entitled to much weight and the

**Memorandum Decision & Order – page 4**

interests of justice and the local interests weigh heavily in favor of a transfer. For these reasons, the Court will exercise its discretion and grant the motion to transfer this case to the Federal District Court for the District of Utah.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss or, in the alternative, to transfer venue, (docket no. 6) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to transfer venue to the Federal District Court for the District of Utah. It is denied to the extent it seeks to dismiss the case.

IT IS FURTHER ORDERED, that the Clerk shall take the steps necessary to transfer this case to the United States District Court for the District of Utah.

DATED: August 16, 2019

B. Lynn Winmill
U.S. District Court Judge