PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
United States Department of Justice
4 Constitution Square, 150 M St. NE
Washington, DC 20002
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

---

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>       Plaintiff,<br><br>       v.<br><br>INTERIOR BOARD OF LAND APPEALS, et al.,<br><br>       Federal Defendants,<br><br>STATE OF UTAH, et al.,<br><br>       Intervenor-Defendants. | **MOTION TO STRIKE PORTIONS OF ECF NOS. 49-3, 49-4 & 49-5**<br><br>Case No. 1:19-cv-95-TS-PMW<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Paul M. Warner |

Federal Defendants Interior Board of Land Appeals, *et al.* move to strike an extra-record exhibit and portions of two declarations attached to Plaintiff Western Watershed Project's (WWP's) Opening Brief, ECF No. 49.   These documents are not part of the Administrative Record, are not properly before the Court, and violate the Tenth Circuit's well-established record review principles under *Olenhouse v. Commodity Credit Corporation*, 42 F.3d 1560, 1580 (10th Cir. 1994).

## INTRODUCTION

Review of an agency action under the Administrative Procedure Act (APA) is limited to "the administrative record already in existence, not some new record made initially in the reviewing court."   *Camp v. Pitts*, 411 U.S. 138, 142 (1973).   WWP has violated this fundamental rule by attaching two overbroad declarations and an article to its Opening Brief challenging the 2017 Decision by the Interior Board of Land Appeals (IBLA or Board) regarding the Duck Creek Allotment (DCA).   These declarations and article were not part of the Administrative Record before the Board and are apparently offered for two impermissible purposes: bolstering the credentials of WWP's proffered witness, Dr. Carter; and reinforcing WWP's arguments regarding conditions on the DCA.

Federal Defendants therefore move to strike the extra-record exhibit and portions of the two declarations that go beyond standing issues.   WWP has failed to establish how these materials fit into any of the "extremely limited" exceptions to the record review rule.   *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004).   Because WWP's Opening Brief offers no explanation for providing the extra-record exhibit (ECF No. 49-5) or non-standing portions of

2

its declarations, WWP's submission of these materials is foreclosed by established law.

WWP's approach also violates this Court's Scheduling Order (ECF No. 37), which set deadlines for any objections to the administrative record to be filed by November 2019 and pre-merits motions to complete the administrative record to be filed by January 2020.   WWP never filed such a motion and its attempt to create an open record by attaching documents to its brief should be rejected.   Federal Defendants thus respectfully request that the Court strike these materials.

## BACKGROUND

Section 706 of the APA imposes a narrow and deferential standard of review of agency action, and the Court's role is solely to determine whether the challenged actions or inactions meet this standard based on the Administrative Record lodged with the Court.   5 U.S.C. § 706 (the court shall review the whole record or those parts of it cited by a party).   Because this case proceeds as an appeal under *Olenhouse*, this Court does not sit as a court of first review, but rather one of review on the Administrative Record.   *Olenhouse*, 42 F.3d at 1580.

The purpose of the record review rule is to prevent a court from substituting its judgment for that of the agency.   An agency's action must be reviewed on the basis articulated by the agency.   *Id.* at 1575; *Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985).   "To review more than the information before the Secretary at the time she made her decision risks our requiring administrators to be prescient or allowing them to take advantage of post-hoc rationalizations."   *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

3

Federal Defendants certified and lodged an administrative record with the Court.   ECF No. 38.   The "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.   The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Citizens for Alternatives to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1097 (10th Cir. 2007) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)); *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985).   Unless a plaintiff demonstrates some irregularity or shows that the record as presented is insufficient to allow "substantial and meaningful [judicial] review[,]" courts defer to the agency's certification of the administrative record as the "whole" administrative record.   *Franklin Sav. Ass'n v. Director, Office of Thrift Supervision*, 934 F.2d 1127, 1138-39 (10th Cir. 1991); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

In "extremely limited" circumstances, the Tenth Circuit recognizes five narrow exceptions to the rule limiting judicial review to the administrative record.   *Lee*, 354 F.3d at 1242 (citing *Am. Mining Cong.*, 772 F.2d at 626).   These exceptions, which allow a party to introduce extra-record evidence, are limited to the following situations:

> (1) that the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) that the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) that the agency considered factors that were left out of the formal record; (4) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong.

*Am. Mining Cong.*, 772 F.2d at 626 (internal citations omitted); *see also Custer Cnty. Action*

*Ass'n v. Garvey*, 256 F.3d 1024, 1028 n.1 (10th Cir. 2001).

The scope of the exceptions to record review is constrained so that the exceptions do not "undermine the general rule." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). "Aggressive use of extra-record materials also would run directly counter to the admonitions of the Supreme Court . . . ." *Am. Mining Cong.*, 772 F.2d at 626.   Indeed, it could constitute reversible error to rely on extra-record evidence to "question the wisdom" of an agency's judgments. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014)

WWP bears the burden of demonstrating with particularity how its attempt to supplement the Administrative Record falls within one of these exceptions. *See Animal Def. Council v. Hodel*, 840 F.2d 1432, 1438 (9th Cir. 1988) (holding that "the district court properly limited review to the administrative record" because the plaintiffs did not demonstrate that their materials "fall[] within any of the exceptions to the general rule that review of agency action is limited to the administrative record.); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (same).

## ARGUMENT

## I.   WWP HAS NOT COMPLIED WITH THIS COURT'S SCHEDULING ORDER.

The parties agreed upon and the Court ordered a schedule whereby WWP could object to the contents of the Administrative Record and move to supplement prior to briefing on the merits.   Rather than follow that schedule, WWP simply attached extra-record materials to its merits brief without explanation and without leave from the Court. This tactic should be rejected as an end-run around the Court's Scheduling Order and the fundamental principles of record

review.

It is well-established that when a party believes the administrative record lodged by the agency is incomplete, it must affirmatively move to supplement the record if it wants the court to consider extra-record material.   *See, e.g.*, *Portland Audubon Soc'y. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993).   The process for supplementing the record is not a mere formality; it serves two important purposes.   First, it ensures that judicial review is properly limited to the administrative record until the party has provided "clear evidence" sufficient to overcome the presumption of a properly designed record."   *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1253 (D. Colo. 2010).   Both the Supreme Court and the Tenth Circuit have emphasized that the "focal point for judicial review should be the administrative record in already existence," not some new record created in this Court.   *Pitts*, 411 U.S. at 142; *Am. Mining Cong.*, 772 F.2d at 626.   Federal Defendants certified the Administrative Record in this case, and WWP did not challenge its adequacy.   Allowing WWP to effectively supplement the Administrative Record by unilaterally attaching extra-record materials in its Opening Brief subverts this process, invites judicial review beyond the Administrative Record, and must be rejected.   *See Cabinet Res. Group v. U.S. Forest Serv.*, No. CV 00-225-M-DWM, 2004 WL 966086, at *11 (D. Mont. Mar. 30, 2004) (rejecting a last minute effort to unilaterally submit materials with an opening brief).

Second, WWP's attempted end-run around the record review rule places this Court in a precarious position.   Reviewing the challenged decisions based on documents that were not before Federal Defendants is not only contrary to the deferential judicial review provisions of the

APA, but would force the Court into the role of administrative decision-maker, determining the relevance and significance of the documents without deferring to the agency's expertise in the first instance.   *Olenhouse*, 42 F.3d at 1575; *Am. Mining Cong.*, 772 F.2d at 626.   That is not a proper role for the Court.   *See, e.g., Jewell*, 747 F.3d 581, 605 (9th Cir. 2014) (district court "overstepped its bounds here" by relying on extra-record declarations); *Locke*, 776 F.3d at 993 (district court "abused its discretion" by relying on extra-record declarations).

## II.   THE COURT SHOULD STRIKE WWP'S POST-HOC ATTEMPT TO BOLSTER DR. CARTER'S CREDENTIALS.

WWP has appealed the IBLA's finding that Dr. Carter was not qualified as an expert in rangeland management or wildlife biology.   WWP Opening Br. 28–30.   That determination should be reviewed on the record before the Board, not some new record created in this Court. WWP nonetheless provides a declaration from Dr. Carter detailing his background, education, and alleged qualifications to opine on rangeland management issues.   *See* Carter Decl. ¶¶ 4–9, 17, 29.   These portions of his declaration should be stricken because WWP has failed to show how they qualify for any of the narrow exceptions to the record review rule.   *See Am. Mining Cong.*, 772 F.2d at 626.

## III.   THE COURT SHOULD STRIKE WWP'S EXTRA-RECORD ARTICLE.

WWP also submits an article that was published in 2017, ECF No. 49-5, the same year the IBLA issued its Decision.   But the evidentiary record closed long before that, when Administrative Law Judge Heffernan issued his opinion in 2013.   This 2017 article should be stricken because it was not submitted during administrative proceedings, and WWP has failed to show how it qualifies for any of the narrow exceptions to the record review rule.   *See Am.*

*Mining Cong.*, 772 F.2d at 626.

WWP's extra-record submission of this article demonstrates the importance of the record review rule.   A subsequent article in the same publication identified significant methodological, analytical, and ethical issues with the article submitted by WWP.   *See* Michael R. Guttery & Danny Caudill, *Upland Water and Deferred Rotation Effects on Cattle Use in Riparian and Upland Areas – A Reply to Carter et al. 2017*, 41 Rangelands 102 (2018).   But the Court should not be asked to determine in the first instance which of those studies is correct; instead, that judgment should be made by the relevant experts within the Department of the Interior based on the record before the agency.   Because WWP's article was not submitted during the relevant proceeding, it could not be considered by the agency and should not be considered by the Court.

## IV.   THE COURT SHOULD STRIKE THE EXTRA-RECORD PORTIONS OF WWP'S DECLARATIONS THAT GO BEYOND STANDING.

Small portions of each of WWP's declarations are directed to WWP's standing in this case.   *See, e.g.*, Ratner Decl. ¶ 13, ECF No. 49-4 (discussing visits to DCA and plan to return); Carter Decl. ¶ 27 (discussing, *inter alia*, alleged "aesthetic" and "recreational" injuries from grazing on DCA).   But significant portions of these declarations go beyond standing, to offer one-sided, extra-record views about conditions on the DCA, often based on evidence that post-dates the IBLA Decision.   *See, e.g.*, Carter Decl. ¶¶ 17 (discussing E.coli levels in Rich County), 18 (describing alleged effects of grazing on cutthroat trout), 19 (discussing DCA utilization levels in 2018), 20 (describing grass growth observations from 2019), 24 (opining on grazing's effects on upland areas); Ratner Decl. ¶¶ 15 (discussing E.coli levels on DCA), 16 (discussing riparian conditions), 18 (discussing 2017 study on DCA), 19 (discussing grass

8

species on DCA).

WWP's attempt to introduce extra-record merits evidence through standing declarations violates record review principles.   *Watersheds Project v. Salazar*, 766 F.Supp.2d 1095, 1104 (D. Mont. 2011) ("The Court believes that the Declarations containing both standing allegations and the extra-record submission should be stricken in full because standing is not in dispute and the extra-record submissions are intermixed with the standing allegations."); *see also Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 203 n.2 (D.D.C. 2018) (declining to consider "plaintiffs' declarations [that] appear to address topics that far exceed the standing inquiry"), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019).   Accordingly, Federal Defendants respectfully ask the Court to strike the following paragraphs of WWP's declarations: Carter Decl. ¶¶ 17–20, 24; Ratner Decl. ¶¶ 15, 16, 18, 19.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court strike the following extra-record materials: Carter Decl. ¶¶ 4–9, 17–20, 24, 29; Ratner Decl. ¶¶ 15, 16, 18, 19; and ECF No. 49-5 in its entirety.

Respectfully submitted this 1st day of May, 2020,

PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division

 /s/ Michael S. Sawyer
MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
United States Department of Justice
4 Constitution Square, 150 M St. NE
Washington, DC 20002
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov

*Counsel for Federal Defendants*