IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>INTERIOR BOARD OF LAND APPEALS and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants, and<br><br>STATE OF UTAH, UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION, AND UTAH DEPARTMENT OF AGRICULTURE,<br><br>Defendant-Intervenors | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:19-CV-95-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on a request for review of agency action by Plaintiff Western Watersheds Project ("WWP"). For the following reasons, the Court concludes that Plaintiff lacks standing, requiring dismissal without prejudice.[1]

I.  BACKGROUND

WWP is a conservation group devoted to improving grazing management across the western public lands.  WWP brought this lawsuit to reverse a decision of the Interior Board of Land Appeals ("IBLA") and to reverse the Bureau of Land Management's ("BLM") decision

---

[1] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (holding that dismissal for lack of standing should be without prejudice).

renewing grazing permits on the Duck Creek allotment. The permits at issue expired in 2018,[2] before Plaintiff brought this action.[3]

## II.  DISCUSSION

Defendants argue that Plaintiff lacks standing and that its claims are moot. The Court agrees that Plaintiff lacks standing. "Standing is determined as of the time the action is brought."[4] "Mootness usually results when a plaintiff has standing at the beginning of a case, but, due to intervening events, loses one of the elements of standing during litigation."[5] Because the grazing permits Plaintiff challenges expired prior to the commencement of this action, the Court concludes that standing, rather than mootness, is the applicable doctrine.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability."[6] "To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury."[7] "In addition, the plaintiff must demonstrate that a favorable judgment would have a binding legal effect."[8]

Here, Plaintiff cannot show that a favorable judgment would relieve its alleged injuries or have a legal binding effect. Plaintiff seeks review of a decision authorizing grazing permits that

---

[2] *See* Docket No. 49-1, at 32 (stating that the grazing permits at issue were approved for a ten-year term on September 12, 2008).

[3] This action was filed in the District of Idaho in January 2019. *See* Docket No. 1.

[4] *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005).

[5] *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012).

[6] *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

[7] *City of Hugo v. Nichols*, 656 F.3d 1251, 1264 (10th Cir. 2011).

[8] *WildEarth Guardians*, 690 F.3d at 1182.

have now expired. By operation of law, the expired permits are "continued under a new permit . . . until the date on which the Secretary concerned completes any environmental analysis and documentation for the permit . . . required under the National Environmental Policy Act ["NEPA"] of 1969."[9] Only after this analysis is completed may the permit "be canceled, suspended, or modified, in whole or in part."[10]

Plaintiff does not challenge the renewed permits.[11] Thus, even if Plaintiff succeeds in this action, grazing will continue under the new permits until the Department of Interior conducts an updated NEPA analysis. Only then may the permits be canceled, suspended, or modified. Plaintiff fails to explain how reversing the decision authorizing the expired permits would affect the renewed permits or the forthcoming NEPA analysis. Plaintiff simply argues that reversing and remanding the agency action would require the BLM to conduct a new NEPA analysis and issue new grazing permits. However, this action is already required by statute. The timing of when the new NEPA analysis is conducted is left to the discretion of the Secretary of the Department of Interior.[12] Thus, any decision by the Court would have no affect on the current grazing permits or the future NEPA analysis.

Based upon this, a favorable decision from this Court would not provide Plaintiff any meaningful relief. Plaintiff has not shown that a favorable judgment would relieve its alleged injuries or have a legal binding effect. Therefore, the Court finds that Plaintiff lacks standing. As a result, the Court need not address the parties' remaining arguments.

---

[9] 43 U.S.C. § 1752(c)(2).

[10] *Id.* § 1752(c)(3).

[11] Docket No. 70, at 6 ("WWP has no need to challenge [the new permits] before this court.").

[12] 43 U.S.C. § 1752(i).

## III. CONCLUSION

It is therefore

ORDERED that WWP's Motion to Review Agency Action (Docket No. 49) is DISMISSED WITHOUT PREJUDICE FOR LACK OF STANDING.

DATED September 11, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge